UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHALKER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.:  22cv457-W(MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO CONTINUE FOLLOW-UP VIDEO SETTLEMENT CONFERENCE  [ECF NO. 19]**<br><br>**AND**<br><br>**(2) CONVERTING VIDEO SETTLEMENT CONFERENCE TO IN-PERSON CONFERENCE** |

On June 10, 2022, the parties filed a "Joint Motion to Continue the Video Settlement Conference Scheduled for July 7, 2022."  (ECF No. 19.)  They ask the Court to continue the follow-up video Settlement Conference ("SC") currently scheduled for July 7, 2022, until August 29 or 30, 2022, or September 6 or 8, 2022.  (Id. at 1.)  In support, the parties state that to date, they "have conducted good faith settlement discussions and would like some additional time to carry on with those efforts."  (Id. at 2.)  They further assert that "counsel for TARGET and the representative for TARGET have unforeseen scheduling conflicts on July 7, 2022," and counsel for Plaintiff does not

object to continuing the SC.  (Id.)  Finally, the parties state that they are not seeking to continue any other dates.  (Id.)

Having considered the joint motion and finding good cause, the Court **GRANTS** the motion.  Accordingly, the Court **CONTINUES** the video SC currently scheduled for July 7, 2022, at 9:30 a.m., until **September 6, 2022**, at **9:30 a.m**.

The Court further finds it appropriate to **CONVERT** the video SC to an in-person conference.  The SC will be held in the chambers of the Honorable Michael S. Berg, United States Magistrate Judge, **located at 221 West Broadway, second floor, San Diego, California, 92101.**  All discussions at the SC will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.  The following rules and deadlines apply:

1. **Personal Appearance of Parties Required**:  All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.  **If the parties' insurance adjusters reside outside of the Southern District of California, the Court allows them to appear telephonically through counsel during the SC.**

2. **Full Settlement Authority Required**:  A party or party representative with full settlement authority[1] must be present at the conference.  Retained outside

---

[1] "Full settlement authority" means that the individuals at the SC must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be

corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the SC has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

**3.  Confidential SC Statements Required**: No later than **August 30, 2022**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The SC statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's SC statement must outline (1) the nature of the case and the claims, (2) position on liability or defense, (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts.

**IT IS SO ORDERED**.

Dated:  June 14, 2022

_____
Honorable Michael S. Berg
United States Magistrate Judge

---

altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).