UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CHALKER, et al.,<br><br>           Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>           Defendant. | Case No.:  22cv457-W(MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MINOR'S COMPROMISE [ECF NO. 23]** |

Before the Court is the parties' September 16, 2022, "Joint Motion for Approval of Minor Compromise Settlement and Dismissal of this Action" ("Joint Motion") [ECF No. 23].  This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. §636(b)(1) and Civil Local Rule 17.1 of the United States District Court for the Southern District of California.  After reviewing the Joint Motion and supporting declaration,[1] and for the reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** the Joint Motion.

/ / /

/ / /

---

[1] Defendant's counsel submitted a declaration in support of the Joint Motion [ECF No. 23, Attachment 1] that the Court has also considered.

1

# I. BACKGROUND

## A. Factual Background

This is a personal injury action brought by Steven Chalker and Monique Herrera-Chalker on behalf of their minor child, N.C., and Steven Chalker ("Plaintiffs"). (See Compl., ECF No. 1-3 at 2–14.) According to the Complaint, on January 1, 2020, Plaintiffs were customers at a Target Corporation ("Target") retail store located at 14823 Pomerado Road, Poway, California 92064. (Id. at 6.) While in the home goods aisle, N.C. opened the drawer of a piece of furniture that was within his reach. (Id.) Shortly after, an "end table constructed of metal and wood with sharp edges" fell from the top shelf onto N.C.'s head, injuring him. (Id.) Steven, who was within view and witnessed the incident, later inspected the end table and observed that none of its wheel locks were engaged. (Id.)

As a result of the incident, N.C. required stitches totaling $393 in medical expenses. (See J. Mot., ECF No. 23 at 4.) Apart from this treatment, N.C. did not continue to treat for injuries or incur any additional medical expenses. (Id.) N.C.'s father, Steven, claimed emotional distress—including "suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, and shock" from witnessing the incident—but has not received any medical care or incurred any medical expenses. (Id. at 2.)

## B. Procedural History

On December 9, 2021, Plaintiffs commenced this action by filing a Complaint against Defendant Target in the Superior Court of California, County of San Diego. (See Compl., ECF No. 1-3 at 3.) Plaintiffs brought general negligence and premises liability claims under California law, alleging that Defendant "knew or in the exercise of reasonable care should have known of the dangerous condition" of storing the end table on the top shelf without securing it. (Id. at 6.) Furthermore, Plaintiffs alleged Defendant negligently failed to maintain the furniture aisle, and this negligence resulted in N.C.'s injury and Steven's emotional distress. (Id.) Defendant was served with the Summons and Complaint on December 20, 2021, and filed an Answer on January 19,

2022.  (See ECF No. 1 at 2.)  On March 18, 2022, Plaintiffs served a Statement of Damages seeking a total of $150,393 in emotional distress damages; pain, suffering, and inconvenience damages; and medical expenses.  (See ECF No. 1-5 at 2–5.)  On April 5, 2022, Defendant filed a Notice of Removal to federal court.  (ECF No. 1.)  This Court held an Early Neutral Evaluation and Case Management Conference on May 9, 2022, and issued a Scheduling Order on May 10, 2022.  (ECF Nos. 14 & 15.)  On August 2, 2022, the parties informed the Court they settled the case, and on September 16, 2022, they filed the instant Joint Motion.  (ECF Nos. 21 & 23.)

### C. Settlement Terms

As set forth in their Motion, the total settlement amount is $30,000, with N.C. ("Minor Plaintiff") to receive $25,000 and Steven Chalker to receive $5,000.  (See J. Mot., ECF No. 23 at 3–4.)  The parties state that Minor Plaintiff's counsel will receive $5,000 (20%) in attorney's fees and $495.85 in reimbursement of costs, while Steven's counsel will receive $1,750 (35%) in attorney's fees and $99.17 in reimbursement of costs.[2]  (Id. at 4.)  After attorney's fees and costs are removed, Minor Plaintiff's net recovery will be $19,504.15 and Steven's net recovery will be $3,150.83.  (Id. at 4.) Minor Plaintiff's settlement proceeds will be "deposited in a blocked account in a financial institution in the State of California for [his] benefit . . . subject to withdrawal only on authorization of the Court."  (See Decl. Peter Schulz, ECF No. 23-1 at 3.)  There is no information about the method of disbursement for Steven's proceeds.

Given that N.C. did not suffer from any long-term injuries and his medical expenses were minimal, the parties argue this settlement agreement is "fair, reasonable, and in the best interest of the minor," regardless of whether state or federal laws are applied.  (Id.)  Further, they state the average gross settlement value in cases with similar facts is less than the $30,000 agreed to in this case.  See W.B. v. Mr.

---

[2] The parties explain that Plaintiffs' litigation costs consist of filing fees ($509.02), service fees ($41.18), and photocopies ($44.25).  (See ECF No. 23 at 4 n. 1.)

G's For Toys, JVR No. 1802060044, 2016 WL 10891226 (Cal. Super. Feb 24, 2016) ($8,000 settlement for a two-year-old boy who cut his head on a display shelf in a toy store, which required seven stitches and caused permanent scarring).

## II. LEGAL STANDARD

Civil Local Rule 17.1 governs settlements for minors. It provides that, "[n]o action by or on behalf of a minor . . ., or in which a minor . . . has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." See Civ.L.R. 17.1(a). It further mandates that, "[a]ll settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." Id. This rule implements the court's special duty to safeguard the interests of minor litigants in the context of civil settlements. See Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011); Fed. R. Civ. P. 17(c). The Ninth Circuit has held this duty obliges the court to "conduct its own inquiry to determine whether the settlement serves the best interest of the minor." Robidoux, 638 F.3d at 1181 (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)); see also Salmeron v. United States, 724 F.2d 1357, 1353 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, . . . even if the settlement has been recommended or negotiated by the minor's parents or guardian ad litem.").

District courts reviewing the settlement of a minor's federal claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1181–82. Courts should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." Id. at 1182 (citing Dacanay, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery

in similar cases, the district court should approve the settlement as proposed by the parties." Id.

Notably, the Ninth Circuit expressly limited Robidoux to "cases involving the settlement of a minor's ***federal*** claims." Id. at 1181–82 (emphasis added).  Where a settlement involves state law claims, district courts have generally applied state law rather than the Robidoux framework.  See DeRuyver v. Omni La Costa Resort & Spa, LLC, No. 17-cv-0516-H-AGS, 2020 WL 563551, at *2 (S.D. Cal. Feb. 4, 2020); J.T. v. Tehachapi Unified Sch. Dist., No. 16-cv-01492-DAD-JLT, 2019 WL 954783, at *2 (E.D. Cal. Feb 27, 2019); A.M.L. v. Cernaianu, LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *3 (C.D. Cal. Apr. 1, 2014).  Because Plaintiffs' general negligence and premises liability claims are brought solely pursuant to California law, the Court will review the settlement under the state standard, which focuses on "the best interests of the minor." Anderson v. Latimer, 166 Cal. App. 3d 667, 676 (1985); see also Pearson v. Superior Court, 202 Cal. App. 4th 1333, 1338 (2012) (explaining that requiring court approval "allows the guardians of a minor to effectively negotiate a settlement while at the same time protect[ing] the minor's interest").  The California Probate Code provides the applicable statutory scheme for compromises involving minors.  See Cal. Prob. Code. §§ 3600 et seq.  Under California law, the court has broad discretion "to authorize payment from the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." Goldberg v. Superior Court, 23 Cal. App. 4th 1378, 1382 (1994).  To ensure all relevant factors are considered, the Court will also consider the Robidoux standard of determining whether the net recovery is "fair and reasonable."  638 F.3d at 1181.

### III.   DISCUSSION

#### A. Settlement is Fair, Reasonable, and in the Minor's Best Interests

Based on a review of the record, Joint Motion, and applicable law, the Court finds that the terms of the settlement are fair, reasonable, and in the best interests of Minor Plaintiff.  As detailed above, the $30,000 proposed settlement allocates $25,000 to

Minor Plaintiff and $5,000 to Plaintiff Steven Chalker. (See J. Mot., ECF No. 23 at 3–4.) After attorney's fees and costs are removed, Minor Plaintiff's net recovery will be $19,504.15 and Plaintiff Steven Chalker's net recovery will be $3,150.83. (Id. at 4.) This proposed settlement is in the best interests of the minor because it allows for certain recovery and eliminates the costs, risks, and time commitment of pursuing the case through trial. Additionally, it is fair and reasonable, considering Minor Plaintiff's minimal injuries—a head laceration and stitches totaling $393. (Id.) Further, the record does not indicate N.C. has any functional or long-term issues stemming from the incident.

The parties represent that the settlement in this case is more than the average recovery in similar cases. (Id. at 5.) In support, they cite to W.B. v. Mr. G's For Toys, which involved an $8,000 settlement for a minor who suffered a head laceration in a toy store and claimed $1,655 in medical expenses. (Id.) The Court's review of other approved settlements in similar cases supports counsel's assertion. For example, this Court held a $6,952.19 net recovery was fair and reasonable for a minor who sustained slight injuries including lacerations, abrasions, and contusions after falling on a Macy's escalator. See Motlagh v. Macy's Corp. Servs., Inc., No. 19-cv-00042-JLB, 2020 WL 7385836, at *5 (S.D. Cal. Dec. 16, 2020). In another case, this Court found that net recoveries of $13,241.67, $13,522.98, and $12,630.46 were fair and reasonable for minors who suffered temporary back and neck pain, headaches, and mild concussions from a car collision. See Castro v. United States, No. 19-cv-02240-AJB-JLB, 2022 WL 594545, at *4 (S.D. Cal. Feb. 28, 2022), report and recommendation adopted, 2022 WL 959649 (S.D. Cal. Mar. 30, 2022).

Here, Minor Plaintiff's net recovery of $19,504.15 is significantly higher than typical recoveries garnered by settling minor plaintiffs who, like N.C., suffered only slight physical injuries without long-term effects. See, e.g., S.C. v. Alaska Airlines, Inc., No. 20-cv-6245-RSWL-ASx, 2021 WL 3080631, at *3 (C.D. Cal. July 20, 2021) (finding fair and reasonable a $9,888.84 net recovery for a minor who suffered an anaphylactic shock

reaction but did not sustain any permanent injuries); K.A.K v. Kohl's Department Stores, Inc., 19-cv-3276-RSWL-JPRx 2021 WL 2376931, at *3 (C.D. Cal. Feb. 5, 2021) (finding fair and reasonable a $11,835.93 net recovery for a minor who was struck in the eye by a sign in a Kohl's department store, but suffered no functional issues); M.W. v. Safeway, Inc., No. 18-cv-01404-BAT, 2019 WL 4511927, at *1 (W.D. Wash. Sept. 19, 2019) (finding fair and reasonable a $5,024.77 net recovery for a minor who was struck in the head by supermarket shopping carts and suffered temporary headaches); De La Cruz v. U.S. Postal Serv., No. 08-cv-0018-OWW-DLB, 2010 WL 319670, at *2 (E.D. Cal. Jan 20, 2010), report and recommendation adopted, 2010 WL 624432 (E.D. Cal. Feb 17, 2010) (finding fair and reasonable a $3,750 net recovery for a minor who suffered loss of consciousness, contusions, and a mouth laceration requiring stitches, but made a full recovery after a car accident).

Based upon recoveries in similar actions, the non-severe nature of Minor Plaintiff's injuries, N.C.'s minimal medical bills ($393), and his lack of permanent or long-term effects from the incident, the Court finds that the proposed net recovery of $19,504.15 is fair, reasonable, and in the minor's best interests.

### B. Attorney's Fees and Costs

The California Probate Code provides that expenses—including attorney's fees—to be paid out of a settlement in which a minor has an interest must be approved by the court. See Cal. Prob. Code §§ 3600, 3601. Here, Minor Plaintiff's counsel seeks $5,000 in attorney fees, a sum that represents 20% of N.C.'s gross settlement, and $495.85 in reimbursement of costs. See J. Mot., ECF No. 23 at 4.) Plaintiff Steven Chalker's counsel seeks $1,750, which represents 35% of his gross settlement, and $99.17 in reimbursement of costs. (Id.) The Court finds these proposed attorney's fees and costs are appropriate under California law. See Napier v. San Diego Cnty., No. 15-cv-581-CAB-KSC, 2017 WL 5759803, at *3 (S.D. Cal. No. 28, 2017) ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery"). Specifically, Minor Plaintiff's counsel is below the historically-applied rate of 25%, and the requested

litigation costs appear reasonable based on the duration of the case and amount of work performed. Additionally, the requested amount of attorney's fees and costs for Plaintiff Steven Chalker does not render the settlement unfair.

### C. Disbursement of Funds

Under the California Probate Code, courts can use a variety of methods for the disbursement of settlement funds. See Cal. Prob. Code. §§ 3600 et seq. Here, the parties propose placing Minor Plaintiff's funds in a blocked account in California, subject to withdrawal only on authorization of the Court. (See ECF No. 23-1 at 3). This is consistent with Section 3611(b) of the Code, which authorizes courts to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court." See Cal. Prob. Code § 3611(b). Thus, the Court finds the proposed disbursement procedure adequately protects N.C.'s interests by providing no withdrawal absent a court order. Although not included in their proposal, the Court recommends that the funds should not be disbursed until Minor Plaintiff reaches the age of eighteen.

### IV.   CONCLUSION

For the reasons discussed above, the Court finds the proposed settlement to be a fair and reasonable resolution of this case in the best interests of the minor, under both state and federal law. **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; and (2) **GRANTING** the Joint Motion for Approval of Minor's Compromise [ECF No. 23].

Any party may file written objections with the District Court and serve a copy on all parties on or before **January 10, 2023**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before **January 17, 2023.**

/ / /

/ / /

/ / /

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: December 23, 2022

_____
Honorable Michael S. Berg
United States Magistrate Judge

9

22cv457-W(MSB)